UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

BRANCH BANKING AND TRUST COMPANY )
)
  Plaintiff; )
)
v. ) CASE NO.: 14-CV-00394-CLS
)
BB&P, LLC, JAMES F. BEALL, JR., )
KEVIN H. BLACKWELL and JAMES )
G. PRUETT, )
)
  Defendants; )

## RESPONSE TO PLAINTIFF'S COMPLAINT and COUNTER-CLAIM

In response to Plaintiff's Complaint, Defendants BB&P, LLC, James F. Beall, Jr., Kevin H. Blackwell and James G. Pruett, do each one here come and respond as follows:

### PARTIES

1. Upon information and belief, admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

### JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

9. Admitted.

## STATEMENT OF FACTS

10. Defendants admits that Exhibit A is a Commercial Promissory Note and Security Agreement (the "Note") executed by BB&P, LLC.; Defendants deny the Note is made payable to BB&T and deny the original principal amount as described in the Complaint and demand strict and exact proof thereof.

11. Denied.

12. Denied

13. Denied.

14. Denied.

15. Defendants admit Exhibit C is a letter demanding payment ostensibly pursuant to the Note.

16. Denied.

17. Denied.

## COUNT I

### BREACH OF CONTRACT (NOTES AND GUARANTIES) BY DEFENDANTS

18. Defendants hereby incorporate and re-assert all preceding paragraphs as if fully set forth herein.

19. Denied.

20. Defendants admit receiving demand but deny Plaintiff's allegation related to the amount due under the Note and/or any Guaranty (if any Guaranty is valid and in place which Defendants deny).

**WHEREFORE,** Defendants deny Plaintiff's prayer for relief and/or judgment and demand strict and exact proof thereof; further, Defendants deny Plaintiff's demand for principal

indebtedness or interest outstanding under the any loan documents at issue, if any, along with any late charges, expenses of collection, attorneys' fees and/or the cost of this action and demand strict and exact proof thereof.

## AFFIRMITIVE DEFENSES

1. Defendants assert the defense of laches.
2. Defendants assert all defenses provided under Rule 12 of the Federal Rules of Procedure.
3. Defendants assert Plaintiff has failed to mitigate its damages as required by law.
4. Defendants assert Plaintiff has not and must prove by documentary evidence any outstanding balance, if any exists, under the Note.
5. Defendants deny the validity of the personal guarantees attached to the Complaint.
6. Defendants assert the defense of "Unclean Hands."
7. Defendants deny each and every element of the Count brought against them and demand strict and exact proof thereof.

## COUNTER-CLAIM

Comes now, Defendants / Counter-Plaintiffs, BB&P, LLC, James F. Beall, Jr., Kevin H. Blackwell and James G. Pruett (collectively referred to herein as "Counter-Plaintiffs"), and by and through their attorney of record file this Counter-claim against Plaintiff.

Counter-Plaintiffs' re-assert and allege the Parties and Jurisdiction / Venue as set forth above as if fully and completely set forth herein.

## ADDITIONAL FACTS

1. Counter-Plaintiff, BB&P, LLC (the "Developer"), is the developer of the subdivision known as Deerfoot Estates (the "Subdivision") in Decatur, Alabama.

2. BB&P, LLC began its development by borrowing monies from Colonial Bank ("Bank") via a line-of-credit type borrowing.

3. The Developer took draws against its loan and returned lot release fees to the Bank at regular intervals.

4. The Bank renewed the original loan on various occasions during which "new money" was often if not always provided and/or made available to Developer.

5. During the pendency of the above, Developer was constructing infrastructure, marketing and selling lots within the Subdivision.

6. The Subdivision was planned in phases.

7. Additional monies for infrastructure was required and provided on various occasions by the Bank to access additional portions of the Property and/or new Phases.

8. Prospective purchasers would enter into legally binding contracts for the purchase of certain lots within the Subdivision.

9. Upon information and belief, Counter-Defendant, BB&T (referred to herein as "Defendant"), purchased the Note from the Federal Deposit Insurance Company (the "FDIC") in 2009.

10. Prior to Defendant's purchase, the Developer had in its possession three (3) executed contracts for lots in the Subdivision.

11. Upon information and belief, Developer had monies from which to draw so as to access the lots under contract.

12. Upon information and belief, by drawing the monies available to it and accessing the lots under contract, Developer would have created additional lots to market and offer for sale.

13. Defendant and its predecessor failed and has refused up until this day to allow the Developer to access the monies available causing it to lose the sale of the lots.

14. After purchasing the note from the FDIC, Developer solicited an offer to sale the entire property in its ownership; Defendant failed to accept said offer and failed to make any counter-offer although the prospective purchaser stood ready to pay additional funds.

## COUNT I
## NEGLIGENCE

15. Counter-Plaintiffs incorporate and re-allege each and every paragraph above as if fully and completely set forth herein.

16. Defendant has a duty to Counter-Plaintiffs to manage the loan it purchased consistently with the terms of said documents and with due care.

17. By causing Developer to be unable to close on executed contracts which would have provided funds by which to repay Developer's obligation to Defendant, Defendant breached its duty to Counter-Plaintiffs.

18. As a result of said breach, Defendant has been caused to incur damages including but not limited to the demand by Defendant for any and all unpaid principal and interest, if any of either, under the loan; further Developer has lost the benefit of its bargain and failed to realize the profits from the completion and sale of the remaining lots within the Subdivision.

**WHEREFORE**, Counter-Plaintiffs request this Court enter a judgment against Defendant in an amount to be determined by a jury including an award for punitive damages, compensatory damages equal to the value of the profit lost from the completion and sale of all lots within the Subdivision plus damages for mental anguish along with interest and attorneys' fees and the costs of bringing of this litigation.

## COUNT II
## BREACH OF AGREEMENT

19. Counter-Plaintiffs incorporate and re-allege each and every paragraph above as if fully and completely set forth herein.

20. Defendant has a duty to Counter-Plaintiffs to manage the loan it purchased consistently with the terms of said documents and with due care.

21. By refusing to allow Developer to access the monies it its loan which Defendant purchased, Defendant has breached said agreement and caused Plaintiff to suffer damages.

22. As a result of said breach, Defendant has been caused to incur damages including but not limited to the demand by Defendant for any and all unpaid principal and interest, if any of either, under the loan; further Developer has lost the benefit of its bargain and failed to realize the profits from the completion and sale of the remaining lots within the Subdivision.

**WHEREFORE**, Counter-Plaintiffs request this Court enter a judgment against Defendant in an amount to be determined by a jury including an award for punitive damages, compensatory damages equal to the value of the profit lost from the completion and sale of all lots within the Subdivision plus damages for mental anguish along with interest and attorneys' fees and the costs of bringing of this litigation.

        Respectfully submitted,

        /s/ James E. Hill, Jr.
        James E. Hill, Jr.
        Attorney for Defendants

        /s/ James E. Hill, III
        James E. Hill, III
        Attorney for Defendants

OF COUNSEL:

HILL, WEISSKOPF & HILL, P.C.
P.O. Box 310
2603 Moody Parkway, Suite 200
Moody, Alabama 35004
205-640-2000
Fax: 205-640-2010

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has been served on the following counsel by placing a copy of the same in the U.S. mail, postage prepaid and properly addressed, and by electronic mail, this the 1st day of April, 2014.

    Ryan D. Thompson
    Joe A. Joseph
    BURR & FORMAN LLP
    420 North 20th Street, Suite 3400
    Birmingham, Alabama 35203

        /s/ James E. Hill, Jr.
        OF COUNSEL

        /s/ James E. Hill, III
        OF COUNSEL